UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACK THOMPSON, Individually and for Others Similarly Situated,<br><br>                Plaintiffs,<br>v.<br><br>APPLIED SERVICES AUGMENTATION PARTNERS, INC.<br><br>                Defendant. | Case No. 3:19-cv-127<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. Applied Services Augmentation Partners, Inc. (ASAP) has failed to pay Jack Thompson (Thompson) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, ASAP pays Thompson, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Thompson brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. ASAP is headquartered in Charlotte, North Carolina, which is in this District and Division.

## THE PARTIES

7. Thompson is an hourly employee of ASAP.

8. Thompson started working for ASAP in December 2015.

9. His written consent is attached as **Exhibit A**.

10. ASAP is headquartered in Charlotte, North Carolina.

11. ASAP may be served with process by serving its registered agent Richard L. Barnes, 7421 Carmel Executive Park Drive, Suite 225, Charlotte, North Carolina 28226.

## COVERAGE UNDER THE FLSA

12. At all relevant times, ASAP was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all relevant times, ASAP was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, ASAP was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

15. At all relevant times, ASAP had an annual gross volume of sales made in excess of $1,000,000.

16. At all relevant times, Thompson and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

17. ASAP provides workforce management solutions.

18. ASAP provides payroll and human resource services for companies.

19. Thompson was hired by ASAP in December of 2015.

20. Thompson performs work for ASAP at the Brunswick Nuclear Plant in North Carolina owned by Duke Energy.

21. Thompson is a Mechanical Planner for ASAP.

22. Thompson plans outage work tasks on a daily basis using company approved software and procedures.

23. Thompson supports and participates in outage schedule rotations.

24. Thompson reports the hours he works to ASAP on a regular basis.

25. Thompson is not guaranteed a salary.

26. If Thompson works fewer than 40 hours in a week, he is only paid for the hours worked.

27. Thompson regularly works over 40 hours in a week.

28. In fact, Thompson routinely works 70 to 80 hours per week during outages.

29. Instead of paying overtime, ASAP pays Thompson the same hourly rate for the hours he worked over 40 in a work week.

30. The hours Thompson and the Putative Class Members (defined below) worked are reflected in ASAP's records.

31. Rather than receiving time and half as required by the FLSA, Thompson only receives "straight time" pay for overtime hours worked.

32. ASAP's "straight time for overtime" payment scheme violates the FLSA.

33. ASAP was and is aware of the overtime requirements of the FLSA.

34. ASAP nonetheless fails to pay certain employees, such as Thompson, overtime.

35. ASAP's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

36. ASAP's illegal "straight time for overtime" policy extends beyond Thompson.

37. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

38. ASAP pays hundreds of workers using the same unlawful scheme.

39. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

40. The workers impacted by ASAP's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

41. Therefore, the class is properly defined as:

**All employees of ASAP who were, at any point in the past 3 years, paid the same hourly rate for hours worked under and over 40 in a work week (or "straight time for overtime.") (Putative Class Members).**

### COUNT I
### (VIOLATION OF THE FLSA)

42. Thompson incorporates all previous paragraphs and alleges that the illegal pay practices ASAP imposed on Thompson were likewise imposed on the Putative Class Members.

43. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

44. Numerous other individuals, like Thompson, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

45. Based on his experiences and tenure with ASAP, Thompson is aware that ASAP's illegal practices were imposed on the Putative Class Members.

46. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

47. ASAP's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

48. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

49. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

51. Thompson demands a trial by jury.

### PRAYER

52. Thompson prays for relief as follows:

a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding ASAP liable for unpaid back wages due to Thompson and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 14th day of March, 2019.

**STRIANESE HUCKERT LLP**

 /s *Tamara L. Huckert*_____
Christopher Strianese, NC Bar No. 46918
Tamara Huckert, NC Bar No. 35348
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

To be admitted *pro hac vice*:

**Michael A. Josephson**
State Bar No. 24014780 *(pending pro hac vice)*
**Richard M. Schreiber**
State Bar No. 24056278 *(pending pro hac vice)*
**Andrew W. Dunlap**
State Bar No. 24078444 *(pending pro hac vice)*

6

**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com
adunlap@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807 *(pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**