UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-127-FDW-DCK

JACK THOMPSON, individually and on behalf of all others similarly situated,,

    Plaintiff,

vs.

APPLIED STAFF AUGMENTATION PARTNERS, INC.,

    Defendant.

ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Conditional Certification and Court-Authorized Notice). (Doc. No. 21). Defendant Applied Staff Augmentation Partners, Inc., ("ASAP") responded in opposition (Doc. No. 22), and Plaintiff replied (Doc. No. 24). For the reasons that follow, the motion is DENIED.

Also pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 39), filed in the midst of discovery in this matter. In light of the Court's ruling below regarding conditional certification and the Court's modification of deadlines, the Court DENIES Defendant's motion without prejudice to be refiled *at the close of discovery*.

Turning to Plaintiff's motion, Plaintiff seeks conditional certification under the Fair Labor Standards Act ("FLSA") of a collective defined as:

> All current and former employees of ASAP who were, at any point in the last 3 years, paid the same hourly rate for all hours worked, including those over 40 hours in a workweek.

(Doc. No. 21, p. 9). Defendant ASAP opposes conditional certification on several grounds, arguing individual employment agreements, some of which contain guaranteed weekly salary

minimums, mandatory arbitration agreements, and/or a class action waiver, indicate the proposed collective is not sufficiently similarly situated and subjected to a common unlawful policy.

Collective actions are a tool, distinct from class actions, to allow "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and benefits the judicial system "by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1983). "Certification," however, is unnecessary for actions to proceed as collective actions under FLSA pursuant to 29 U.S.C. § 216(b).

> It is evident from the statute that workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are "similarly situated," and (3) affirmatively opt in to the joint litigation, in writing. [29 U.S.C. § 216(b).] It is evident also that the "right" to litigate jointly has two permutations: The statute refers to "[t]he right ... to bring an action by or on behalf of any employee," and to "the right of any employee to become a party plaintiff to any such action," id.—that is, the right to bring the collective litigation and the right to join it. But the statute specifies little else. It does not prescribe terms for the resulting proceeding. It does not provide a definition of "similarly situated," on which access to the collective mechanism typically turns. It does not establish a process for evaluating the propriety of a collective proceeding as litigation unfolds—for example, it makes no mention of "certification" or "decertification" of a collective action. And it says nothing about the standard the district court should apply when the collective mechanism is challenged.

Campbell v. City of Los Angeles, 903 F.3d 1090, 1100 (9th Cir. 2018). The Fourth Circuit has also acknowledged the distinction between class actions under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b):

> This action only concerned claims under the FLSA. Unlike Rule 23, section 216(b) does not require a district court to notify potential claimants about a proposed settlement. See Campbell v. City of Los Angeles, 903 F.3d 1090, 1112 (9th Cir. 2018) ("The statutory requirements of a collective action are independent of, and unrelated to, the requirements for class action under Rule 23." (internal quotation marks omitted)); Behr v. Drake Hotel, 586 F. Supp. 427, 430 (N.D. Ill. 1984) ("29 U.S.C. § 216(b) contains no provision which prohibits or permits the sending of

2

notice to potential claimants."). Actions under § 216 and Rule 23 "are mutually exclusive and irreconcilable." LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975).

Haskett v. Uber Techs., Inc., No. 19-1116, 2019 WL 3208437, at *1 (4th Cir. July 16, 2019) (affirming district court's order and judgment that approved a settlement agreement without providing notice to members of the collective).

As recognized by the Ninth Circuit in Campbell,

> [M]uch of collective action practice is a product of interstitial judicial lawmaking or ad hoc district court discretion. In particular, although nothing in section 216(b) expressly compels it, it is now the near-universal practice to evaluate the propriety of the collective mechanism—in particular, plaintiffs' satisfaction of the "similarly situated" requirement—by way of a two-step "certification" process. See 1 McLaughlin on Class Actions § 2:16 (14th ed. 2017). As this process most often functions, plaintiffs will, at some point around the pleading stage, move for "preliminary certification" of the collective action, contending that they have at least facially satisfied the "similarly situated" requirement. [Id.] Later, after the necessary discovery is complete, defendants will move for "decertification" of the collective action on the theory that the plaintiffs' status as "similarly situated" was not borne out by the fully developed record. Id.
>
> "Preliminary certification" of an FLSA collective action—also known as "provisional" or "conditional" certification—is an example of the confusion sown by the Rule 23 analogy. The term "certification" calls to mind an affirmative decision by the district court, as in the Rule 23 context, to allow a collective action to go forward. See Fed. R. Civ. P. 23(c)(1)(A). Yet, unlike in the Rule 23 context, the district court in a collective action plays no such gatekeeping role. Preliminary certification in the FLSA context does not "produce a class with an independent legal status[ ] or join additional parties to the action." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 75, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). "The sole consequence" of a successful motion for preliminary certification is "the sending of court-approved written notice" to workers who may wish to join the litigation as individuals. Id.
>
> Given its purpose, preliminary certification may take place after the collective action has already begun. A collective action is instituted when workers join a collective action complaint by filing opt-in forms with the district court. See id.; Rangel v. PLS Check Cashers of Cal., 899 F.3d 1106, 1109 n.1 (9th Cir. 2018); Smith v. T-Mobile USA Inc., 570 F.3d 1119, 1122–23 (9th Cir. 2009); Sandoz, 553 F.3d at 919; Morgan, 551 F.3d at 1259. Whether opt-in forms are filed after or

3

before preliminary certification is thus entirely up to the workers joining the litigation; *preliminary certification is "neither necessary nor sufficient for the existence of a [collective] action."* Myers v. Hertz Corp., 624 F.3d 537, 555 n.10 (2d Cir. 2010).

903 F.3d at 1101 (emphasis added).

Bearing these principles in mind, the Court denies Plaintiff's motion seeking "conditional certification" and declines to express an opinion at this juncture on the notice or notice process proposed by Plaintiff and objected to by Defendant.

As the Supreme Court has explained, "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." Hoffmann-La Roche Inc, 493 U.S. at 172. Despite the Court's declination to monitor preparation and distribution of the notice, the Court retains the option of cancelling "consents obtained in an improper manner." Id. The parties and counsel should proceed judiciously.

The Court notes the denial of "conditional certification" does *not* mean this action cannot proceed as an FLSA collective action. Conditional certification only refers to the district court's exercise of its discretionary power to facilitate the sending of notice to potential class members. See Hoffmann–La Roche, 493 U.S. at 169 (noting that district courts have "discretion" to implement § 216(b) by facilitating the sending of notice); Campbell, 903 F.3d at 1101. Additional plaintiffs may join the action even if conditional certification never occurs. Myers, 624 F.3d at 555 n. 10 (noting "certification is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful case management tool." (citation omitted)). Indeed, the Court notes several plaintiffs have now consented to join in this action. (Doc. Nos. 35, 36, 37).

Although Plaintiff's motion for conditional certification is denied, the Court finds good cause to *sua sponte* extend the opportunity for parties to opt-in to this action. The deadlines in the Pretrial Order and Case Management Plan (Doc. No. 25) are hereby amended as follows:

| | |
|---|---|
| **Motion to Amend Pleadings to add additional parties:** | **December 13, 2019** |
| **Discovery Completion:** | **February 12, 2020** |
| **ADR:** | **February 21, 2020** |
| **Dispositive Motions (filed):** | **March 4, 2020** |
| **Dispositive Motions (hearing):** | **April 6-17** *(unchanged)* |
| **Pretrial Submissions:** | **7 calendar days before FPC** |
| **Final Pretrial Conference (FPC):** | **To be determined** |
| **Trial Setting:** | **May 4, 2020** *(unchanged)* |

IT IS THEREFORE ORDERED that Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (Doc. No. 21) is DENIED. Furthermore, the Pretrial Order and Case Management Plan (Doc. No. 25) is HEREBY MODIFIED to extend the deadlines as set forth above. All other provisions of the Order (Doc. No. 25) remain intact.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 39) is DENIED without prejudice to be refiled at the close of discovery.

IT IS SO ORDERED.

Signed: October 30, 2019

Frank D. Whitney
Chief United States District Judge