# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-127-FDW-DCK

| | |
|---|---|
| JACK THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| APPLIED SERVICES AUGMENTATION PARTNERS, INC., | ) |
| Defendant. | ) |

**THIS MATTER BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 42) filed November 1, 2019. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C §636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

## BACKGROUND

Jack Thompson ("Plaintiff" or "Thompson") individually, and on behalf of others similarly situated, initiated this action with the filing of his "Original Complaint" (Document No. 1) on March 14, 2019. Plaintiff later filed his "First Amended Complaint" (Document No. 13) on May 9, 2019. Plaintiff alleges that Applied Services Augmentation Partners, Inc. ("Defendant" or "ASAP") failed to pay him, and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). (Document No. 13, p. 1). "Instead of paying overtime, ASAP pays Thompson the same hourly rate for the hours he works over 40 in a work week." (Document No. 13, p. 4). Plaintiff further alleges that "ASAP's 'straight time for overtime' payment scheme" violates the FLSA and involves hundreds of workers. <u>Id.</u>

On October 8, 2019, the undersigned's staff received a call from Plaintiff's attorney reporting that the parties had disputes regarding discovery. Pursuant to the "Case Management Order" (Document No. 25, pp. 4-5), the undersigned held a telephone conference with counsel for the parties on October 17, 2019. During that telephone conference, the undersigned directed that Defendant produce its Master Service Agreement ("MSA") to Plaintiff, subject to certain conditions, and that the parties further confer regarding their other discovery disputes.

Consistent with the Court's direction, Plaintiff filed the pending motion to compel on November 1, 2019. (Document No. 42). The motion has been fully briefed and is ripe for review and disposition. See (Document Nos. 46 and 48).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v.

2

Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

By the instant motion, Plaintiff requests that the Court compel Defendant to: (1) produce pay data for the Putative Class Members, pursuant to Requests for Production Nos. 1 and 2, including names, last known address, email address, and phone numbers; and (2) fully answer Interrogatory No. 6 as to the Putative Class as a whole. (Document No. 42). Plaintiff defines Putative Class Members as "all current and former workers employed by, or working on behalf of, ASAP between March 14, 2016, and the present, who were paid the same hourly rate for all hours worked, including those hours over 40 in a workweek." (Document No. 46-1, p. 5); see also (Document No. 13, p. 5). Interrogatory No. 6 seeks the "factual and legal basis" for any contention by Defendant of "any exemption defense … applicable to one or more claims" made by Plaintiffs and Putative Class Members. (Document No. 46, p. 1).

In support of the motion, Plaintiff argues that there "can be no doubt about the relevancy of pay data in a *wage and hour* case." (Document No. 42-1, p. 5). Plaintiff contends that "the Fourth Circuit routinely orders employers to produce class data as necessary to demonstrate how the alleged illegal pay policy was implemented, and whether the alleged illegal pay policy was uniformly applied to the Putative Class Members." Id. "'The difference between class certification and merits discovery is not always clear-cut, as class action named plaintiffs must be able to assess whether others are similarly-situated and have similar claims.'" Id. (quoting Mondragon v. Scott Farms, Inc., 329 F.R.D. 533, 543-44 (E.D.N.C. 2019)).

Plaintiff asserts that the class pay data he seeks is "core evidence of whether Thompson and the Putative Class Members were paid on a salary basis, as ASAP alleges." (Document No. 42-1, p. 7). Additionally, "looking at the Putative Class Members' pay records together will illuminate whether ASAP had an actual practice of making improper deductions." Id. Moreover, Plaintiff asserts the requested data "is producible in excel format for all class members in less than one day" and that the "information would be printable in fewer than 10 clicks." (Document No. 42-1, p. 10).

Next, Plaintiff argues that Defendant must respond to Interrogatory No. 6 because "[t]he application of any exemption under the FLSA is an affirmative defense and the burden of proof rest with the employer to prove by clear and convincing evidence that the employee qualifies for an exemption." Id. (quoting Massie v. Board of Trustees, Haywood Community College, 1:04-CV-108-LHT, 357 F.Supp.2d 878, 882 (W.D.N.C. 2005)).

In response, Defendant argues that it should not be compelled to produce information relating to individuals who are not parties to the case. (Document No. 46). First, Defendant notes that Plaintiff now seeks to compel personal contact information about Putative Class Members that was not sought in the relevant document requests underlying the pending motion to compel. (Document No.46, p. 3) (citing Document No. 42-1, p. 6 and Document No. 46-1, p. 10).

Next, Defendant argues that the requested discovery is inappropriate because the Court denied Plaintiff's motion for conditional certification. Id. Defendant contends that Plaintiff "is required to make a *prima facie* showing that the class action requirements are satisfied or that discovery is *likely* to produce substantiation of the class allegations." Id. (citations omitted). Defendant argues that its cited cases show that class-wide information is inappropriate even where a conditional certification is pending, and that a denial of conditional certification requires a denial

4

of class-wide information. (Document No. 46, p. 4). See also (Document No. 41) (denying "Plaintiff's Motion For Conditional Certification And Court-Authorized Notice" (Document No. 21)).

In addition, Defendant argues that Plaintiff is not entitled to the requested discovery because it seeks information relating to individuals who can never become parties to this litigation because they have executed binding arbitration agreements that waive their right to participate. (Document No. 46, p. 5).

Defendant also argues that Plaintiff is presenting a new argument in his motion to compel that Defendant had a practice of making impermissible salary deductions. (Document No. 46, pp. 1, 6) (citing Document No. 42-1, pp. 7, 9). According to Defendant, there is no evidence in Plaintiff's records or those of the opt-in Plaintiffs to support this theory, nor is there an allegation in the Amended Complaint of improper salary deduction. (Document No. 46, pp. 6-7). As such, Defendant argues that Plaintiff should not be allowed to embark on a fishing expedition that would involve turning over information regarding "upwards of 1,000 employees working at **one hundred thirty three locations** since March 14, 2016." (Document No. 46, p. 7).

In further opposition, Defendant argues that it should not be required to turn over "class wide" information because the only "class" in this case are the individuals who have opted in to the lawsuit – and Defendant has produced the requested documents for them. (Document No. 46, p. 8).

Finally, Defendant argues that it should not be compelled to provide the "factual and legal basis" for the exemption classification of individuals *who are not parties*. (Document No. 46, pp. 9-10) (emphasis added). Defendant asserts that it is sufficient that it has provided this information for Plaintiff and the opt-in Plaintiffs. Id.

In reply, Plaintiff first asserts that he requested the class data, including identifying information, in July 2019. (Document No. 48, p. 3) (citing Document No. 46-1, p. 8). Notably, Plaintiff appears to rely on Interrogatory No. 3, which is not one of the discovery requests addressed in the pending motion to compel. Id. See also (Document No. 42, p. 1; Document No. 42-1, p. 2). The motion specifically seeks production "with respect to two categories of information" – "Pay Data, Requests for Production Nos. 1 and 2" and "Exemption Defenses, Interrogatory No. 6." (Document No. 42-1, p. 2).

Next, Plaintiff's reply asserts that conditional certification is not a necessary threshold element for the production of class data. (Document No. 48, p. 4) (citations omitted). Plaintiff then adds that the Court denied conditional certification without prejudice. (Document No. 48, p. 5) (citing Document No. 48). However, Judge Whitney's Order plainly *denied* the motion for conditional certification – declining "to facilitate the sending of notice to potential class members" – and *denied without prejudice* the motion for summary judgment. See (Document No. 41, pp. 1, 4-5). Plaintiff correctly notes that Judge Whitney "left open the possibility that additional class members can join this case." (Document No. 48, p. 5); see also (Document No. 41, p. 4) ("Additional plaintiffs may join the action even if conditional certification never occurs . . . Indeed, the Court notes several plaintiffs have now consented to join this action.").

Plaintiff further argues that Defendant bears the burden of showing that Putative Class Members' purported arbitration agreements are valid and enforceable. (Document No. 48, pp. 5-6). Plaintiff suggests that questions surrounding arbitration agreements should be resolved after those class members have joined this action. Id. Therefore, Plaintiff concludes that class discovery should not be limited based on "ASAP's mere proclamation that certain (unidentified) Putative Class Members *executed* arbitration agreements." (Document No. 48, p. 7). Similarly, Plaintiff

6

argues that it is premature to decide that Putative Class Members were not subject to improper deductions, and that the Court should allow discovery that will allow Plaintiff to "unequivocally determine whether ASAP's exemption defense holds water." Id. Plaintiff contends that all the discovery it seeks, including "adding contact information," could be done in less than a day and is easily accessible. (Document No. 48, pp. 8-9).

Finally, Plaintiff argues that Defendant has not demonstrated how responding to Interrogatory No. 6 is unduly burdensome. (Document No. 48, p. 9). Plaintiff acknowledges it may be time-consuming, but asserts that it was ASAP that "injected this exemption defense into this action." (Document No. 48, p. 10) (citing Massie, 375 F.Supp.2d at 882) ("The application of any exemption under the FLSA is an affirmative defense and the burden of proof rests with the employer to prove by clear and convincing evidence that the employee qualifies for an exemption.").

The undersigned was not convinced during the telephone conference on October 17, 2019, that the requested information at issue here needed to be produced. Nevertheless, the undersigned directed the parties to confer again, and encouraged them to reach a compromise. Those efforts failed, and since then Judge Whitney has denied conditional certification and declined to involve the Court in any notice or notice process to Putative Class Members. See (Document No. 41). Moreover, Judge Whitney set December 13, 2019, as a revised deadline to add additional parties. Id. The Court's revised deadline does not seem to suggest that Judge Whitney intended to allow extensive discovery into the putative class or that he planned to reconsider conditional certification.

Based on the foregoing, the parties' arguments summarized above, and the Court's previous telephone conference, the undersigned finds that the requested discovery of Putative

Class Members data in Requests for Production Nos. 1 and 2 is not proportional to the needs of this case and should be denied.  However, the undersigned is persuaded that Defendant should provide response(s) and/or supplement its response to Interrogatory No. 6 <u>as to any and all Plaintiffs and opt-in Plaintiffs</u>.  Defendant shall provide its responses and/or supplementations to Interrogatory No. 6 on or before **January 7, 2020**.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Compel Discovery" (Document No. 42) is **GRANTED** as to Interrogatory No. 6, as directed herein;  and **DENIED** as to Requests for Production Nos. 1 and 2.

**SO ORDERED**.

Signed: November 27, 2019

David C. Keesler
United States Magistrate Judge