# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACK THOMPSON, Individually and for Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ALLIED STAFF AUGMENTATION PARTNERS, INC.,<br><br>Defendant. | Case No. 3:19-cv-00127<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

___

## PLAINTIFF'S OBJECTION TO ORDER OF MAGISTRATE JUDGE DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
___

**Andrew W. Dunlap**
Texas Bar No. 24068647
*(Admitted Pro Hac Vice)*
**Richard M. Schreiber**
Texas Bar No. 24056278
*(Admitted Pro Hac Vice)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 325-1100
Fax: (713) 325-3300
adunlap@mybackwages.com
rschreiber@mybackwages.com

**Christopher Strianese**
NC Bar No. 46918
**Tamara Huckert**
NC Bar No. 35348
**STRIANESE HUCKERT, LLP**
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

A.     **BOTTOM LINE UP FRONT**

Thompson objects to Magistrate Keesler's Order denying Thompson's Motion to Compel. Doc. 49.[1] Much like Magistrate Keesler's Order denying Thompson's Motion for Protective Order (Doc. 43), Magistrate Keesler's Order (Doc. 49) treated this Court's denial of conditional certification as dispositive and ended the analysis there. In denying Thompson's request for conditional certification, however, this Court emphasized, "the denial of 'conditional certification' does *not* mean this action cannot proceed as an FLSA collective action[,]" and additional Plaintiffs can still join the case until the Joinder Deadline. Doc. 41, at 4 (emphasis in original). As a result, Thompson intends to file a Motion for Notice and Joinder, in part supported by the evidence gathered through discovery.

But Magistrate Keesler's Order effectively supersedes this Court's decision on Notice by foreclosing Thompson's ability to join additional plaintiffs, as the Thompson cannot join additional plaintiffs without the contact information requested in Thompson's Motion to Compel ("Thompson's Motion"). Because Magistrate Keesler's Order did not apply the appropriate standard, and instead treated the conditional certification-denial as dispositive, it is "contrary to law." Accordingly, the Court should review Thompson's Motion (Doc. 42) *de novo* and grant the relief requested therein.

---

[1] Thompson maintains the arguments raised in his Reply to his Objection to Magistrate Keesler's Denial of Thompson's Motion for Protective Order (Doc. 51-A) regarding the timing for filing an objection pursuant to FED. R. CIV. P. 72(a), but, purely out of an abundance of caution, Thompson submits this Objection within the 10 days outlined in this Court's Initial Standing Order ("ISO") § 3(d)(ii). Further, FED. R. CIV. P. 6(a)(1), which this Court incorporated into its ISO, *see id.*, at § 7(a) ("The time periods prescribed by Court Order … shall be computed as provided in Rule 6"), provides that "[w]hen the period is stated in days … (C) include the last day of the period, but if the last day is a Saturday, … the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." 10 days following the entry of Magistrate Keesler's Order falls on Saturday, December 7, 2019. Thus, per Rule 6, Thompson timely submits this Objection on Monday, December 9, 2019.

B.   **ARGUMENT & AUTHORITIES**

   **1. Standard of Review.**

The assignment of non-dispositive discovery matters to a Magistrate Judge is governed by FED. R. CIV. P. 72. Rule 72 stipulates that:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.[2]

FED. R. CIV. P. 72(a). Importantly, "'[c]learly erroneous' and 'contrary to law' are not synonyms[.]" *Travelers Property Casualty Co. of America v. Mountaineer Gas Co.*, 2018 WL 899078, at *2 (S.D. W.Va. Feb. 15, 2018) (citing *HSBC Bank USA, N.A. v. Resh*, 2017 WL 317820, at *6 (S.D. W.Va. Jan. 28, 2014)).

In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Walton v. Johnson*, 440 F.3d 160, 173-74 (4th Cir. 2006) (quoting *United States v. United States Gypsum*, 333 U.S. 364, 395 (1948)); *see also USA Trouser, S.A. de C.V. v. Int'l Legwear Grp., Inc.*, 2012 WL 3745278, at *2 (W.D.N.C. Aug. 28, 2012); *HSBC Bank*, 2017 WL 317820, at *6.

"The standard of review for 'contrary to law,' however, is different." *Daugherty v. Ocwen Loan Servicing, LLC*, 2018 WL 8200438, at *1 (S.D. W.Va. May 12, 2016). "If a magistrate judge's order is contrary to law then the judge must have failed to apply or misapplied statute, case law, or procedural rules." *Miceli v. KBRG of Statesville, LLC*, 2008 WL 2945451, at *1 (W.D.N.C. July 24, 2008) (citing

---

[2] An application to the District Court Judge under Rule 72 is necessary to maintain a party's right to appeal the order at issue.

2

*Catskill Dev. LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). "[T]here is no practical difference between review under Rule 72(a)'s contrary to law standard and [a] de novo standard." *HSBC Bank*, 2017 WL 317820, at *6 (citations omitted).

Here, Thompson contends Magistrate Keesler's denial of his Motion to Compel was contrary to law because Magistrate Keesler applied an incorrect standard, centered around the Court's denial of conditional certification. In doing so, Magistrate Keesler's Order effectively overrode this Court's determination that Thompson may join additional plaintiffs to this matter by foreclosing his ability to do so. Further, while Magistrate Keesler notes this Court's extension of the joinder deadline "does not seem to suggest that [this Court] intended to allow extensive discovery into the putative class or that [this Court] planned to reconsider conditional certification,"[3] Doc. 49, at 7, the Order again misses the mark. Thompson intends to file a Motion for Notice and Joinder consistent with the procedures this Court has adopted. *See*, *e.g.*, *Geiger et al. v. H.H. Franchising Sys., Inc.*, No. 3:17-cv-738, Doc. 76 (W.D.N.C. Nov. 27, 2018) (Whitney, J.) (declining to conditionally certify a collective <u>but allowing notice to be sent for purposes of joinder</u>). The Court's denial of conditional certification of a collective is irrelevant to the analysis of whether ASAP should be compelled to produce class data, including contact information. Thus, Magistrate's Keesler's reliance on this single issue as determinative of Thompson's Motion to Compel is a misapplication of the law.

   **2. Magistrate Keesler's Order Was Contrary to Law Because It Treated Conditional Certification as Determinative, But This Court Utilizes a Different Procedure Than Conditional Certification.**

This Court has demonstrated in this case and other FLSA matters that it will not "conditionally certify" a collective because "it is not required by the FLSA, the Supreme Court, or the Fourth

---

[3] Likewise, Magistrate Keesler's Order contends this Court has foreclosed Thompson's ability to see conditional certification, but the Court did not deny Thompson's Motion for Conditional Certification without prejudice. *See* Doc. 41. Accordingly, Thompson **can** reurge the Motion.

Circuit." *H.H. Franchising Sys., Inc.*, No. 3:17-cv-738, Doc. 76, at *3 (declining to conditionally certify a collective); *see also* Doc. 41 (declining to conditional certify a collective). Indeed, this Court has explained that it "does not believe the term 'conditional certification' embodies the discretionary case management involvement permitted under 29 U.S.C. § 216(b)." *Id.* Rather, this Court uses a different approach—joinder. *See, e.g., id.* (allowing notice to be sent to similarly-situated employees for purposes of joinder). To satisfy his burden for joinder, a plaintiff must demonstrate a "common policy or practice by the [defendant]." *Id.* at 3.

Thompson intends to move for notice and joinder, as this Court has authorized previously, so employees subjected to ASAP's common straight time for overtime pay policy may join this action. Thus, the information sought through Thompson's Motion are not tethered to conditional certification, or the Court's denial of the same. Rather, it is relevant and necessary for purposes of joinder. *Id.*

Accordingly, Magistrate Keesler's Order, which treated the conditional certification-denial as determinative of whether ASAP must produce class data is contrary to law, as it directly conflicts both with this Court's Order (Doc. 41) that explicitly allows for additional employees to join this matter, and this Court's joinder process, *see H.H. Franchising Sys., Inc.*, No. 3:17-cv-738, Doc. 76, at *3.

Likewise, as outlined in Thompson's Reply in Support of the Motion to Compel, conditional certification is not required for discovery of class data, including class contact information. *See* Doc. 48, at 4 (collecting cases). This information is relevant to the collective (and the individual plaintiffs') claims regardless of whether the Court actually certifies a collective. *See id.* at 7-8 (outlining how class data is the most efficient way for Thompson to test the merits of ASAP's exemption affirmative defense).

4

Case 3:19-cv-00127-FDW-DCK    Document 52    Filed 12/09/19    Page 5 of 8

Thus, Magistrate Keesler's Order, by treating the grant or denial conditional certification as the only factor in this determination, is contrary to law, and this Court must review Thompson's Motion *de novo*.

### 3. The Order Was Contrary to Law Because It Misapplied the Case Law that Demonstrated Production of Class Data is Routine in FLSA Cases, Regardless of the Status of Certification.

Courts have <u>universally</u> ordered employers to produce class data, including contact information for putative plaintiffs that have not yet joined (or even received notice of) an action, in FLSA lawsuits. *See*, *e.g.*, *Lorenzo v. Prime Communications, L.P.,* No. 5:12-cv-69, 2013 WL 12350095, at *2 (E.D.N.C. Oct. 29, 2013) (compelling the contact information for the class despite an FLSA class not being conditionally certified); *Hall v. Dominion Energy, Inc.*, No. 3:18-cv-00321-JAG, Doc. 65 (E.D. Va. Dec. 20, 2018) (denying the employer's motion for protective order and ordering pre-conditional certification discovery concerning all employees paid straight time for overtime, regardless of the subsidiary or managed service provider, in a straight time for overtime case); *see also* Doc. 42, at 6 n.1 (collecting cases). These cases demonstrate that conditional certification is **not** a necessary or determinative factor when analyzing whether the Court should compel an employer to produce class data. Thus, Magistrate Keesler's reliance on this single issue—the Court's denial of conditional certification—in his denial of Thompson's Motion was a misapplication of ample precedent that says otherwise. Magistrate Keesler's Order is contrary to law, and this Court must review Thompson's Motion *de novo*.

### 4. Thompson Did Not Raise A New Issue in His Reply in Support of His Motion to Compel, As Magistrate Keesler's Order Contends.

Magistrate Keesler's Order takes issue with Thompson noting, in his Reply (Doc. 48) that Thompson requested the data he seeks via multiple discovery requests, including one (Interrogatory

5

No. 3) that was not the subject of Thompson's Motion. *See* Doc. 49, at 6. This inclusion, however, was not Thompson raising a new argument. Rather, it was in response to ASAP's <u>incorrect statement</u> in its Response that Thompson never requested the information that was the subject of Thompson's Motion. *See* Doc. 46, at 2-3 ("Plaintiff's Motion to Compel seeks information that he never previously requested in discovery."). Indeed, Thompson pointed to Interrogatory No. 3 (along with Requests for Production Nos. 1, 3, 6, 7, and 17) to demonstrate ASAP's misrepresentation to the Court.

## C. CONCLUSION

For these reasons, Magistrate Keesler's Order was contrary to law. Magistrate Keesler applied the incorrect standard by treating the Court's denial of conditional certification as determinative of the issue when it is irrelevant, and by misapplying the case law that demonstrated the same. Accordingly, this Court should review Thompson's Motion to Compel *de novo* and grant the relief requested therein.

**Dated: December 9, 2019**  Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Richard M. Schreiber*
   **Andrew W. Dunlap**
   State Bar No. 24078444
   *(admitted pro hac vice)*
   **Richard M. Schreiber**
   State Bar No. 24056278
   *(admitted pro hac vice)*
   **JOSEPHSON DUNLAP LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   rschreiber@mybackwages.com
   adunlap@mybackwages.com

   **AND**

6

**Christopher Strianese,** NC Bar No. 46918
**Tamara Huckert,** NC Bar No. 35348
3501 Monroe Rd.
Charlotte, NC 28205
Tel: 704-966-2101
chris@strilaw.com
tamara@strilaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On December 9, 2019, I served this document on all parties and/or their counsel of record via the Court's ECF System in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard M. Schreiber*
**RICHARD M. SCHREIBER**

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with the Court's word limitation.

*/s/ Richard M. Schreiber*
**RICHARD M. SCHREIBER**