**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-cv-127-FDW-DCK**

| | |
|---|---|
| JACK THOMPSON, Individually and for Others Similarly Situated, | ) ) ) |
| PLAINTIFF, | ) ) **JOINT MOTION FOR FINAL APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE** |
| V. | ) ) |
| ALLIED STAFF AUGMENTATION PARTNERS, INC., | ) ) ) |
| DEFENDANT. | ) |

Plaintiff Jack Thompson, Opt-In Plaintiffs James Carter, Edward Webb, and John Brown (collectively, the "Opt-In Plaintiffs") and Defendant Allied Staff Augmentation Partners, Inc. (collectively, the "Parties") jointly, through counsel, move the Court to approve the settlement between the Parties and dismiss this matter with prejudice. In support of this Motion, the Parties show unto the Court as follows:

1. Plaintiff filed his Amended Complaint on March 9, 2019, alleging on behalf of himself and those who worked for Defendant who elected to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), that they are entitled to recover unpaid overtime wages for all hours worked exceeding forty (40) in a workweek. [Dkt. 13].

2. Opt-In Plaintiffs Carter, Webb, and Brown filed consents to join the action. [Dkt. Nos. 35, 36, and 37].

3. Defendant filed an Answer denying the Plaintiff's allegations. Defendant denies any and all liability to Plaintiff and the Opt-In Plaintiffs and affirmatively asserts that Plaintiff and the Opt-In Plaintiffs were appropriately paid at all times.

1

4. The Parties have agreed to enter into a settlement involving a compromise of all of Plaintiff and the Opt-In Plaintiffs' asserted and potential claims against Defendant, including any claims under the Fair Labor Standards Act ("FLSA"). A true and accurate copy of the Settlement Agreement memorializing the terms of the negotiated settlement between the Parties is attached hereto has **Exhibit A** for purposes of *in camera review*. Exhibit A is filed under seal pursuant to the Court's January 31, 2020 Order. [Dkt. No. 63].

5. Submission of the Settlement Agreement for *in camera* review is consistent with courts in this district's approach in prior FLSA actions. *See, e.g.*, *In re Family Dollar FLSA Litig.*, Case No. 3:08-MD-1932, Dkt. No. 800 (W.D.N.C. Mar. 14, 2012) (The Court conducted an *in camera* review of the Parties' confidential settlement agreement. The Court approved the settlement agreement and releases after finding: 1) the contested case was fair, reasonable, and in the best interest of the settling plaintiffs; 2) the settlement agreement and releases reflected a reasonable compromise of disputed issues; and 3) the parties were adequately represented by counsel who had protected their respective rights.).

6. Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See e.g., Kianpour v. Restaurant Zone, Inc.*, No. Civ. A. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer…to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are *bona*

2

*fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Id*. at 1354.

7. The Parties have conducted a thorough investigation, propounded multiple sets of discovery, and prepared and responded to numerous contested motions. Hundreds of documents have been exchanged, including Plaintiff and the Opt-in Plaintiffs' personnel files and time records.

8. A *bona fide* dispute exists regarding Plaintiff and the Opt-In Plaintiffs' claims for wages owed by Defendant. Plaintiff alleged that he and the Opt-In Plaintiffs were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek. Defendant asserts that its pay practice is fully compliant with applicable law and that the Plaintiff and Opt-In Plaintiffs were exempt employees. This case was settled after a year of litigation, following extensive work by the Parties and their Counsel. The Parties worked to resolve various complex, disputed issues, such as issues regarding joinder of additional parties, protective orders, numerous discovery disputes, and damage calculations. If this case was not contemporaneously settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes, additional subpoenas to third-parties, questions regarding applicability of the FLSA, good faith, willfulness, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case was not settled, and recognized that their settlement represented a compromise of the range and uncertainty of their damages.

9. The Parties each believe that the terms of the settlement embodied in Exhibit A are fair, reasonable, and appropriate under the circumstances.

3

Case 3:19-cv-00127-FDW-DCK    Document 64    Filed 02/07/20    Page 3 of 6

10. The settlement was the product of arm's length negotiations among experienced counsel and there is no evidence of fraud or collusion.

11. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted, in this action by Plaintiff and the Opt-In Plaintiffs against Defendant. It was crafted at arm's length by experienced counsel on both sides following contested litigation.

12. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties' *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The parties have mitigated the risk and costs on both sides that proceeding further presents. The settlement will conserve substantial time and expense by eliminating the need for trial.

13. The Parties have attached a proposed Order as Exhibit B.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreement in Exhibit A as a fair, reasonable, and adequate resolution of the case, and dismiss this matter with prejudice.

Respectfully submitted on February 7, 2020.

By: */s/ Kevin J. Dalton*
Kevin J. Dalton (NC Bar No. 24197)
**FISHER PHILLIPS LLP**
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
kdalton@fisherphillips.com

Edward N. Boehm, Jr.
Georgia Bar No. 183411 (Pro Hac Vice)
**FISHER PHILLIPS LLP**
1075 Peachtree Street, NE, Suite 3500
Atlanta, GA 30309
Telephone: (404) 240-4286
Facsimile: (404)-240-4249
tboehm@fisherphillips.com
*ATTORNEYS FOR DEFENDANT*

**JOSEPHSON DUNLAP, LLP**
By: */s/ Andrew W. Dunlap*
   **Andrew W. Dunlap**
   State Bar No. 24078444 (Pro Hac Vice)
   **Richard M. Schreiber**
   State Bar No. 24056278 (Pro Hac Vice)
   **JOSEPHSON DUNLAP LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   rschreiber@mybackwages.com
   adunlap@mybackwages.com

   **AND**
   **Christopher Strianese,** NC Bar No. 46918
   **Tamara Huckert,** NC Bar No. 35348
   3501 Monroe Rd.
   Charlotte, NC 28205
   Tel: 704-966-2101
   chris@strilaw.com
   tamara@strilaw.com

   **ATTORNEYS FOR PLAINTIFF**

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-cv-127-FDW-DCK

| | |
|---|---|
| JACK THOMPSON, Individually and for Others Similarly Situated, | ) ) ) |
| PLAINTIFF, | ) ) |
| V. | ) ) |
| ALLIED STAFF AUGMENTATION PARTNERS, INC., | ) ) ) |
| DEFENDANT. | ) |

## CERTIFICATION

I hereby certify that on February 7, 2020, the foregoing **JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to Plaintiff's counsel.

Served February 7, 2020.                    Respectfully submitted,

                            By:     */s/ Kevin J. Dalton*
                                    Kevin J. Dalton
                                    **FISHER PHILLIPS LLP**